**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

ANTHONY LEROY WHITE, SR.,                    :

           Plaintiff,                       :

           v.                               :        CIVIL ACTION NO.: CV209-133

TOMMY GREGORY, Sheriff; Captain              :
HAMILTON; Lt. JOSH BAKER; Sgt,               :
WATSON; Dr. CHARLES HARDEN;                  :
GRANT PORTER, Medic; and                     :
CAMDEN COUNTY JAIL,                          :

           Defendants.                     :


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently confined at Washington State Prison in Davisboro, Georgia, filed an action filed pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement while he was housed at the Camden County Jail in Woodbine, Georgia. An inmate proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the

complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff contends that he was exposed to fumes from human waste and plumbing acid for several days. Plaintiff asserts that he was unable to eat or sleep and had blood coming out of his nose and was coughing up blood because of the fumes. Plaintiff also asserts that he was escorted to medical, where Defendant Porter, the medic, examined him and provided him with cough drops, a decongestant, and Bendryl. Plaintiff alleges that Defendant Harden, the doctor, examined him several weeks later.

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon jail officials to take reasonable measures to

guarantee the safety of prisoners. The standard for cruel and unusual punishment, embodied in the principles expressed in Estelle v. Gamble, 429 U.S. 97, 104 (1976), is whether the jail officials exhibit a deliberate indifference to the serious medical needs of prisoners. Farmer v. Brennan, 511 U.S. 825, 828 (1994). However, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Estelle, 429 U.S. at 105). Rather, "an inmate must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994). A mere difference in medical opinion between medical personnel and the prisoner as to the diagnosis or course of treatment is insufficient to support an Eighth Amendment claim. Harris, 941 F.2d at 1505.

It appears that Plaintiff disagrees with the course of medical treatment he has received. Thus, Plaintiff's allegations do not give rise to deliberate indifference to serious medical needs claims against Defendants Harden or Porter.[1]

Plaintiff's cognizable claims are addressed in an Order of even date.

---

[1] The Clerk's Office listed the Camden County Jail as a Defendant in this case. It appears to the undersigned that Plaintiff did not intend to name Camden County Jail as a Defendant and only listed this entity to show where the Defendants he intended to name are employed. Thus, it is the undersigned's **RECOMMENDATION** that Camden County Jail be terminated as a named Defendant in this case.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's claims against Defendants Harden, Porter, and the Camden County Jail be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 27th day of October, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE